IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COURTNEY HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 14-2482-JDT-tmp |
| | ) |
| SHAWN BRADEN, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The *pro se* Plaintiff, Courtney Hunt, a Tennessee Department of Correction ("TDOC") prisoner who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on June 20, 2014. (ECF No. 1.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) On January 6, 2015, the Court issued an order partially dismissing the complaint and directing that process be issued and served on the Defendants, Shawn Braden and Willie Maharry. (ECF No. 9.) Defendants filed an answer to the complaint on April 14, 2015. (ECF No. 12.)

Defendants filed a motion for summary judgment on April 6, 2016. (ECF Nos. 22 & 23.) In accordance with Local Rule 56.1(b), a response to the motion was due within twenty-eight days. Plaintiff has not filed a response and has not sought an extension of time in which to do so. Therefore, the motion is ripe for disposition.

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[1] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

---

[1] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher. Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The fact that Plaintiff did not respond does not require granting Defendants' motion. Nevertheless, if the allegations of the complaint are contravened by Defendants' evidence and

Defendant is entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979).

When the complaint was filed, Plaintiff was incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee (ECF No. 1 at 2), where the Defendants are employed as correctional officers (*id.* at 4, ¶ 2). Plaintiff alleged that on June 27, 2013, Plaintiff was working at the WTSP lawn mower shop when he got into a fight with another inmate. (*Id.* at 4, ¶ 4.) After the fight, Defendant Braden allegedly began punching and hitting Plaintiff for no reason at all. (*Id.* ¶ 5.) Defendant Maharry allegedly stood by and observed the assault but did nothing about it. (*Id.* at 5, ¶ 12.) As a result of the alleged assault, Plaintiff suffered from a swollen temple and a "busted" eardrum. (*Id.* ¶ 9.)

Defendants first contend they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies. In support of the motion for summary judgment, Defendants have submitted TDOC Administrative Policy 501.01, which establishes the inmate grievance procedures (ECF No. 23-1); Plaintiff's deposition (Pl.'s Dep., ECF No. 23-2); and copies of Plaintiff's grievance concerning the incident and the responses thereto (Grievance Docs., ECF No. 23-4).[2]

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

---

[2] Eric A. Fuller, counsel of record for the Defendants, has submitted his Affidavit, in which he states that Plaintiff testified during his deposition that he had his grievance documents in his cell. (Fuller Aff. ¶ 5, ECF No. 23-3 at 2; *see also* Pl.'s Dep. at 34-35, ECF No. 23-2.) However, Plaintiff had not submitted the documents with the complaint or provided them to Defendants. (Fuller Aff. ¶ 6, ECF No. 23-3 at 2.) Therefore, Fuller requested that Plaintiff mail copies of the grievance documents directly to him, and Plaintiff did so. (*Id.* ¶¶ 6-7; *see also* Pl.'s Dep. at 36-37, ECF No. 23-2.)

or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). However, a prisoner is not required to demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. Failure to exhaust is an affirmative defense on which the defendant has the burden of proof. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances. *Woodford v. Ngo*, 548 U.S. 81 (2006).

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95. *See also Jones*, 549 U.S. at 218.

"An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). Thus, an inmate who does not timely pursue all available levels of the grievance procedure has not properly exhausted a particular claim. The Sixth Circuit requires prisoners "to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were

5

sufficient under the circumstances.'" *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224). "[I]f the plaintiff contends he was prevented from exhausting his remedies . . . the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles v. Andison*, 678 F.3d 452, 458 n.10. (6th Cir. 2012).

TDOC Policy 501.01 provides that grievances must be filed within seven calendar days of the occurrence. (TDOC Pol. 501.01(VI)(C)(1), ECF No. 23-1 at 2.) Plaintiff testified in his deposition that he filed a grievance concerning the June 2013 incident a "few months after" it occurred. (Pl.'s Dep. at 38, ECF No. 23-2.) However, the grievance documents he provided show that he did not file his grievance until May 14, 2014, almost a year after the alleged assault. (Grievance Docs., ECF No. 23-4 at 3-5.)

Plaintiff also testified that he did not receive any response or denial of his grievance other than being told that an investigation had been made by TDOC Internal Affairs at the time of the incident. (Pl.'s Dep. at 34-35, 37-39, ECF No. 23-2; *see also* Grievance Docs., ECF No. 23-4 at 6-7.) However, Plaintiff's documents belie this testimony, showing that while the earlier investigation was noted in the responses, the grievance ultimately was denied as non-grievable because it was untimely by almost a year. (Grievance Docs., ECF No. 23-4 at 7-10.)[3]

Plaintiff has offered no further evidence to refute the documents that he himself disclosed to the Defendants. The Court finds that the undisputed evidence in the record satisfies Defendants' burden of persuasion on the issue of exhaustion and that no jury could reasonably disbelieve it.

---

[3] Plaintiff also testified that he "tried" to appeal the grievance but never received a response. (Pl.'s Dep. at 35-36, ECF No. 23-2.) However, Plaintiff's documents show that he appealed the denial to the Warden, who concurred in the Grievance Committee's denial of the grievance as untimely (Grievance Docs., ECF No. 23-4 at 8), and then to the TDOC Commissioner, who also concurred in the denial (*id.* at 10).

Defendants are entitled to judgment as a matter of law on the ground that Plaintiff failed to exhaust his administrative remedies; therefore, the motion for summary judgment is GRANTED.[4]

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to grant summary judgment for failure to exhaust administrative remedies also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir.

---

[4] Defendant Maharry also moves for dismissal of the claim against him on the additional ground that Plaintiff failed to allege that Maharry was personally involved in the assault other than being present. However, a prison guard need not actually take part in an assault to be held liable for failure to protect if he displays deliberate indifference to an excessive risk to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A correctional officer has "a duty to try and stop another officer who summarily punishes a person in the first officer's presence," so that an "officer who observes an unlawful beating may, nevertheless, be held liable under § 1983 without actively participating in the unlawful beating." *McHenry v. Chadwick*, 896 F.2d 184, 188 (6th Cir. 1990). The complaint in this case alleged that Defendant Maharry stood by and watched Defendant Braden beat Plaintiff without justification, yet did nothing to intervene. Those allegations sufficiently state an Eighth Amendment claim for failure to protect. Therefore, the Court declines to dismiss the claim against Maharry on the additional ground that he was not personally involved in the assault.

2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE